| | |
|---|---|
| 1 | MURPHY ROSEN MEYLAN & DAVITT LLP |
| | DAVID E. ROSEN (SBN 155385) |
| 2 | drosen@murphyrosen.com |
| | JODI M. NEWBERRY (SBN 156300) |
| 3 | jnewberry@murphyrosen.com |
| | 100 Wilshire Boulevard, Suite 1300 |
| 4 | Santa Monica, California 90401-1142 |
| | Attorneys for Defendants REACHLOCAL, INC. |
| 5 | |
| 6 | LINER GRODE STEIN YANKELEVITZ SUNSHINE REGENSTREIF & TAYLOR LLP |
| | EDWARD A. KLEIN (SBN: 145736) |
| 7 | eklein@linerlaw.com |
| | ASHLEY R. YEARGAN (SBN: 259523) |
| 8 | ayeargan@linerlaw.com |
| | 1100 Glendon Avenue, 14th Floor |
| 9 | Los Angeles, California 90024-3503 |
| | Telephone: (310) 500-3500 |
| 10 | Facsimile: (310) 500-3501 |
| | Attorneys for Defendants |
| 11 | KIVA KITCHEN & BATH, INC., |
| | TOLAR NUMA HAMLEN, and JAMES COZBY |
| 12 | |
| 13 | WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP |
| | JAN JENSEN (BAR NO. 132208) |
| 14 | jjensen@wrslawyers.com |
| | RYAN J. STONEROCK (BAR NO. 247132) |
| 15 | rstonerock@wrslawyers.com |
| | 11400 West Olympic Boulevard, Ninth Floor |
| 16 | Los Angeles, California 90064-1582 |
| | Telephone: (310) 478-4100 |
| 17 | Facsimile: (310) 479-1422 |
| | Attorneys for Plaintiff CAPITAL DISTRIBUTING, INC. |

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITAL DISTRIBUTING, INC. a Texas corporation, | ) CASE NO. CV10-8000 CBM (JCx) ) |
| Plaintiff, | ) **PROTECTIVE ORDER** ) |
| vs. | ) **[CHANGES MADE BY COURT]** ) |
| KIVA KITCHEN & BATH, INC. a Delaware corporation, TOLAR NUMA HAMBLEN, an individual, JAMES COZBY, an individual, REACHLOCAL, INC., a Delaware corporation, and DOES 1-10 | ) ) ) ) ) ) ) |
| Defendants. | ) |

PURSUANT TO STIPULATION, IT IS HEREBY ORDERED THAT the use of or disclosure of documents and information produced by the parties to this lawsuit (or any third party who receives and agrees in writing to be bound by this Protective Order) in the above-captioned case shall be subject to the terms of this Protective Order:

1. <u>Definitions</u>

The following definitions shall apply to this Order:

    a. "Litigation" shall refer to the above-captioned lawsuit entitled *Capital Distributing, Inc.v. Kiva Kitchen & Bath, Inc.*, *et al.*, United States District Court, Central District of California Case No CV 10-8000-CBM (JCx), any and all actions later consolidated with this action, and any appeal from this action, through final judgment.

    b. "Documents" shall mean all written records or graphic material whatsoever including without limitation all "writings" as defined by the Federal Rules of Evidence, any meaning reasonably given to such term in any written request for production of documents served by any party herein, and all reproductions of the foregoing, expressly including any and all electronic versions of the same.

    c. "Producing Party" shall mean any party to the Litigation, or any non-party, producing documents, information or other materials in the Litigation.

    d. "Confidential Information" shall mean any and all information which the Producing Party in good faith contends constitutes or contains trade secret(s), confidential, or proprietary information.

    e. "Party" or "Parties" shall mean any party to this Litigation, including all of its officers, directors, employees, and outside counsel (and their support staff).

1         f.        "Disclosure" or "Discovery Material" shall mean all items or information, regardless of the medium or manner generated, stored, or maintained that are produced or generated in disclosures or responses to discovery in this Litigation.

        g.        "Receiving Party" shall mean a Party that receives Disclosure or Discovery Material from a Producing Party.

        h.        "Designating Party" shall mean a Party or non-party that designates information or items that it produces in Disclosures or in responses to discovery as "Confidential Information."

2.    <u>Scope of Application</u>

        a.        Information Governed:  This Order shall govern all Documents and other information and materials generated or produced in response to any method of discovery, whether formal or informal, by any Producing Party.

        b.        Designation of Confidential Information – <u>Documents (apart from transcripts of depositions)</u>:  Documents deemed by any Producing Party to be Confidential Information shall be designated as such by affixing or stamping a legend "CONFIDENTIAL" on each page containing any Confidential Information.

        c.        The inadvertent production of any Document that contains Confidential Information without a "CONFIDENTIAL" designation, shall be without prejudice to any claim that such Document is Confidential Information, and the Producing Party shall not be held to have waived any rights by such inadvertent production.  In the event that such production occurs, counsel for the Producing Party may redesignate the Document by re-producing it with the "CONFIDENTIAL" designation, which designation shall thereafter apply to such document, subject to the terms of this Order.

d.  In the event that any document that is subject to a claim of privilege or that is protected from discovery as work product is inadvertently produced, the Receiving Party shall return the document together with all copies of the document to counsel for the Producing Party promptly after the Receiving Party receives a written notice from counsel for the Producing Party that the document was produced inadvertently.  Nothing herein will restrict the Receiving Party from filing a motion with the Court contesting the designation of the document as privileged or protected by the work-product doctrine or from referring to the fact that the material had been produced; provided, however, the Party filing the motion cannot refer to the content of the document.

e.  Designation of Confidential Information – <u>Non-Documents</u>: For information not reduced to written material, documents, or tangible items, or information that cannot be conveniently designated as set forth in this paragraph, the Producing Party will designate the Confidential Information by written notice to all parties to the Litigation when the Confidential Information is produced.

f.  Designation of Confidential Information – <u>Deposition Testimony</u>:  In the case of all testimony elicited during depositions which concerns or relates to Confidential Information, the designation of Confidential Information shall be made by:  (i) a statement on the record by counsel at the time of such disclosure or (ii) by written notice sent by counsel to the signatories hereto within thirty (30) days after receiving a copy of the transcript thereof  (in the interim all deposition transcripts and deposition testimony should be treated as Confidential Information until the expiration of thirty (30) days after the mailing or other delivery of a copy of the transcript of the testimony by the Court reporter to counsel who request a copy of the transcript).  This subsection will not otherwise affect the testimony which is being recorded while it is in session.  Within the thirty-day (30) period following mailing, the Party asserting the claim of confidentiality may, by written notice served on all other Parties to the

1 Litigation, designate all or any portion of the testimony to be
2 "CONFIDENTIAL." It shall be the duty of counsel asserting the claim of
3 confidentiality to ensure that the record accurately reflects the beginning and
4 ending points of the deposition testimony deemed to disclose Confidential
5 Information. Only the portions of the deposition testimony designated as
6 Confidential Information within the thirty-day (30) period provided in this
7 subsection (e) will be deemed Confidential Information, except as may be
8 otherwise established by written order of the Court or by written stipulation of
9 the Parties to the Litigation.

10       g.    Confidential Information That is The Subject of Inquiry At
11 Deposition: When Confidential Information is the subject of inquiry at
12 depositions the portions of the transcripts which set forth or contain such
13 Confidential Information shall be sealed absent further Order of the Court and
14 shall not be filed or lodged with the Court except pursuant to the provisions of
15 paragraph 7.

16     3.    <u>Disputes Over Designation of Confidential Information</u>

17 Each Party understands that treatment of documents and information as
18 "Confidential Information" requires additional procedures (as specified in this
19 Order) and litigation therefore can be more burdensome to the extent that such
20 designations are used. Each Party therefore expressly agrees that these
21 designations will be used only when there is a good faith belief that they are
22 warranted.

23 Any Party may object to the designation of particular information or
24 document(s) as Confidential Information ("Objecting Party"). The Objecting
25 Party shall give written notice to the Party so designating such information or
26 document(s) as Confidential Information. Any such notice shall clearly identify
27 the information or document(s) to which the objection is directed.
28

1     The Objecting Party may object initially by making a good faith effort to resolve any such objection by giving written notice to the Producing Party, and thereafter by court intervention, using the procedure set forth in Local Rule 37.

    While any application, motion, or other such filing pertaining to the appropriateness of a confidentiality designation is pending before the Court, the documents, information or testimony in question shall be treated as Confidential Information pursuant to this Order. In addition, to the extent the Parties desire to file the Joint Stipulation required by Local Rule 37 under seal, the Parties may file a stipulation to that effect or the moving Party may file an ex parte application making the appropriate request. The Parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

    4.    <u>Personnel Authorized to Receive "CONFIDENTIAL" Information</u>

    For the purpose of this Order, "Qualified Recipient" will mean, with respect to information that is designated as "CONFIDENTIAL":

    a.    The Parties to this Litigation and their attorneys of record in this action, specifically, MURPHY ROSEN MEYLAN & DAVITT, LLP, counsel for defendant ReachLocal, Inc.; LINER GRODE STEIN YANKELEVITZ SUNSHINE REGENSTREIF & TAYLOR LLP, counsel for defendants Kiva Kitchen & Bath, Inc., Tolar Numa Hamlen, and James Cozby; and WOLF RIFKIN SHAPIRO SCHULMAN & RABKIN, LLP, counsel for plaintiff Capital Distributing, Inc., and their respective associates, employees, clerks, staff, legal assistants and support personnel;

    b.    Independent experts and consultants, and their employees, retained for this Litigation by the Parties and/or their respective attorneys of record;

    c.    The persons who are the authors, addressees or recipients of the Confidential Information, as designated on the document(s) itself;

|   |   |
|---|---|
| 1 | d. Any person authorized to conduct settlement, mediation, or arbitration between the Parties and who agrees to be bound by this Order; |

             d.      Any person authorized to conduct settlement, mediation, or arbitration between the Parties and who agrees to be bound by this Order;

             e.      Any deponent in this Litigation who, during deposition, and based on a reasonable and good faith reason relating to the claims or defenses asserted in this action, is either (i) questioned regarding Confidential Information; or (ii) shown any document containing Confidential Information, provided that any such deponent has (a) read this Order and; (b) completed and signed the Declaration to be Bound, attached hereto as Exhibit A;

             f.      Court reporters transcribing depositions in this Litigation;

             g.      Vendors retained by or for the Parties to this Litigation or their counsel to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; provided that any such individual has (a) read this Order and; (b) completed and signed the Declaration to be Bound, attached hereto as Exhibit A;

             h.      Other people who may be later designated by written agreement of all Parties to this Stipulation permitting such disclosure, or otherwise obtain authorization to receive Confidential Information in accordance with this Order, provided that any such other people have (i) read this Order; and (ii) completed and signed the Declaration to be Bound, attached hereto as Exhibit A; and

             i.      The Court and its personnel.

5. Use of Confidential Information

Any document, thing, deposition transcript, or deposition testimony designated as Confidential Information shall be used only for the purpose of this Litigation and not for any other purpose whatsoever.

6. Disclosure of Confidential Information

    a. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose documents and information designated as "CONFIDENTIAL" only to Qualified Recipients. No Qualified Recipient shall discuss the contents of documents or information designated as "CONFIDENTIAL" with any other individual, except with other Qualified Recipients. In addition, a Qualified Recipient may not provide a summary or abstract of any Confidential Information except to other Qualified Recipients.

    b. Each person who reviews or inspects Confidential Information subject to this Order shall be brought within the personal jurisdiction of this Court, including its contempt power by, where required, signing a copy of the attached Exhibit "A" Acknowledgment of and Declaration to be Bound by the Terms of the Protective Order, signifying agreement with the provisions of this Order and consenting to the jurisdiction of this Court over his or her person for any proceedings involving alleged improper disclosure of Confidential Information as defined herein.

7. Filing of Confidential Information

To the extent a Party seeks to file with the Court any Confidential Information under seal, such under seal filings will be governed by Local Rule 79-5 and Parties shall comply with the procedures set forth therein.

8. Return or Destruction of Confidential Information

Upon the conclusion of the Litigation, counsel for the Parties shall, within thirty (30) days, unless otherwise agreed to in writing, promptly return all

documents and materials which have been designated as Confidential Information and all copies thereof, including any Confidential Information or copies thereof which Receiving Party provided to any Qualified Recipient or certify that these documents and materials have been destroyed pursuant to an agreement of the Parties. However, this agreement will not restrict the counsel for the Parties identified in Paragraph 4, Sections (a) and (d) from maintaining appropriate copies in their files as long as they continue to agree to be bound by this Order.

9. <u>Preservation of Rights and Objections</u>

Nothing herein shall prejudice the right of any Party to object to any deposition question or to the production of particular Documents or to any other discovery request. If documents or information subject to a claim of attorney-client privilege or attorney work product is inadvertently produced to a Party or Parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party or other person otherwise would be entitled.

10. <u>Further Motions Not Precluded</u>

Entry of this Protective Order shall be without prejudice to any motion for relief from the provisions hereof or to any motion for further restriction on the production, exchange, or use of any Disclosure or Discovery Material or other information in the course of this Litigation; provided, however, that no such motion shall be made after the entry of a final judgment or settlement.

11. <u>No Waiver as to Admissibility of Evidence</u>

Neither this Order nor the designation of any Document or information as Confidential Information shall be construed as an admission that such Document, information or material, or any testimony in respect to such, in a

deposition or otherwise, is relevant to this action or is otherwise admissible in evidence in the Litigation or in any other proceeding.

Where information is produced by a third party, who is later named as a party, a "Doe" defendant, or any other source, that person or entity may designate such information as "CONFIDENTIAL," and such information shall be marked and handled according to the terms of this Order.

12. Reservation of Jurisdiction

The Court shall retain jurisdiction after termination of the Litigation over the Parties and their attorneys, agents, and employees, and over all to whom disclosure of any Confidential Information is made, for the purpose of enforcing the terms of this Order and/or redressing any violation thereof. Violation by any person of any provision of this Order may be punishable as contempt of Court.

IT IS SO ORDERED.

DATED: June 3, 2011          /s/ Jacqueline Chooljian
                             United States Magistrate Judge

# **EXHIBIT A**

# **ACKNOWLEDGMENT OF AND DECLARATION TO BE BOUND BY THE TERMS OF THE PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have received a copy of the Stipulation of the Parties for Entry of a Protective Order and Order thereon entered on _____, 2011 in the matter entitled *Capital Distributing, Inc. v. Kiva Kitchen & Bath, Inc., et al.*, USDC Case No. CV10-8000 CBM (JCx), have read the Order, understand the Order and agree to be bound by all of the provisions thereof. I consent to the personal jurisdiction of this Court over me for the purposes of enforcing the terms of the Protective Order.

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated this _____ day of _____, 2011 at _____, _____.

Name:_____

Signature:_____

Title:_____

Organization:_____